

**ORDERED in the Southern District of Florida on June 17, 2013.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

IN RE:

                              CASE NO.: 13-14612-AJC

MICHAEL HARTIGAN

                              Chapter 7 Proceeding

    Debtor

_____/

**ORDER DENYING MOTION FOR SANCTIONS AGAINST
CREDITOR MICHAEL L. WEISER FOR VIOLATION
OF THE AUTOMATIC STAY  (CP# 57)**

**THIS MATTER** came before the Court for hearing on May 29, 2013, at 11:00 a.m. upon Michael Hartigan's *Motion for Sanctions Against Creditor Michael L. Weiser for Violation of the Automatic Stay* (DE 57) ("Motion").  The Court having heard the argument and representations of counsel,  and after due deliberation and sufficient cause appearing therefore, the Court denies the Motion based upon the following analysis.

**UNDISPUTED FACTS**

    1.    The Debtor commenced this bankruptcy case by filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 28, 2013.

2. The *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines* was served via first class mail on Michael L. Weiser ("Weiser") on March 6, 2013.

3. On March 13, 2013, Weiser and others commenced an action in the Circuit Court of Cook County, Illinois, captioned *Michael L. Weiser et. al. v. Seywarth Shaw, LLP, et. al.* (the "State Action"). There are five named defendants in the State Action, one of them being the Debtor.

4. At the time of the commencement of the State Action, Weiser did not have knowledge or notice the Debtor was in fact a debtor in a pending bankruptcy case.

5. After the filing of the complaint in the State Action, Weiser did receive notice of the pendency of this bankruptcy case. The record indicates Weiser had actual notice of this bankruptcy case no later than March 27, 2013, when attorney Brian Behar appeared on behalf of the Creditor at the Initial Meeting of Creditors (the "341 Meeting"). Mr. Behar filed his notice of appearance on behalf of the Creditor on March 28 (DE 17). Additionally, on May 1, 2013, the same attorneys that filed the State Action obtained an order from this Court allowing them to appear *pro hac vice* on behalf of the Weiser (DE 35).

6. In response to receiving notice of the bankruptcy case, Weiser discontinued any action against the Debtor in the State Action. Weiser took no action to seek the issuance of a summons addressed to the Debtor, and no summons was ever issued to the Debtor. Weiser has taken no steps to serve the Debtor with process in the State Action.

7. On May 21, 2013, the Debtor filed the Motion seeking sanctions against Weiser for his willful and ongoing violation of the automatic stay (DE 57). At the Hearing, counsel for Weiser represented that Weiser would take no action against the Debtor in the State Action, unless relief from the automatic stay was granted by this Court.

## **CONCLUSIONS OF LAW**

Upon the commencement of this bankruptcy case on February 28, 2013, the automatic stay provisions of 11 U.S.C. §362(a) became operative. The bankruptcy stay is broad, and stays various acts against the Debtor. Section 362(a) of the Bankruptcy Code specifically stays the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of a case under this title. It also stays any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title.

The commencement of the State Action is a violation of the automatic stay, as the action was commenced after the commencement of this bankruptcy case. However, the commencement of the State Action was a technical violation of the automatic stay, as Weiser did not have knowledge of the bankruptcy at the time of its commencement, and the Court does not believe damages are due. Actions taken in violation of the stay, without notice of a bankruptcy, are "technical" violations of the stay, and courts have determined that no damages should be awarded for technical violations of the stay. *In re Keen*, 301 B.R. 749 (Bankr. S.D.Fla. 2003); *In re Kline*, 424 B.R. 516 (Bankr. D.N.M. 2010); *In re Clayton*, 235 B.R. 801 (Bankr. M.D.N.C., 1998).

Section 362(k)(1) of the Code provides for sanctions for a willful violation of the automatic stay:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section, shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances may recover punitive damages.

The Eleventh Circuit has applied the general definition of "willful violation" in determining whether

a violation of the stay constitutes an act of contempt. Under this general definition, conduct is considered a "willful violation" where: (1) the creditor knew that the automatic stay was invoked; and (2) the creditor intended the actions which violated the stay. *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996).

To avoid finding a willful violation of the automatic stay, the Court must determine whether Weiser's discontinuance of any action in the State Action in moving forward against the Debtor, once he learned of the Debtor's bankruptcy case, sufficient to avoid sanctions under 11 U.S.C. 362, or was there an affirmative duty on Weiser's part to dismiss the Debtor from the State Action. The Court believes that under these circumstances, there was no duty on the part of Weiser to dismiss the Debtor from the State Action, and therefore there was no willful violation of the automatic stay by Weiser.

Having found that the commencement of the State Action was a technical violation of the automatic stay, this Court must determine whether, under the circumstances, the failure to dismiss the action as it relates to the Debtor constituted a continuation of the action in willful violation of the automatic stay. "Continuation" of a proceeding against the Debtor as used in Bankruptcy Code §362(a) has been interpreted and defined to mean "carry forward or persist." *In re Taylor*, 207 B.R. 997 (Bankr. W.D.Pa, 1997).

In the present case at bar, there is no evidence that Weiser performed any act to continue or to move forward the State Action as it relates to the Debtor. In point of fact, the Debtor has never been served with process in the State Action, and that court does not have jurisdiction over him. Weiser never even sought the issuance of a Summons addressed to the Debtor, once Weiser learned of the Debtor's bankruptcy.

The bankruptcy automatic stay as contained in Bankruptcy Code §362(a) does not create a

general automatic stay that would prevent Weiser's right to assert claims against related non-debtor parties, such as the other defendants in the State Action. *In re Gronczewski*, 444 B.R. 526 (Bankr. E.D. Pa. 2011). In such circumstances, courts have recognized that a creditor's post-petition action in a pending lawsuit where the debtor is a named party may not constitute a "continuation" of judicial proceedings against the debtor, that would justify a finding of a willful violation of the stay. Thus, where creditors filed an Amended Complaint post-petition, and the Amended Complaint still had the debtor as a defendant, the Court noted that this was not a continuation of an action against the debtor in violation of the automatic stay. The Court examined the Amended Complaint and recognized that the new claims added were directed against the other defendants, to which no stay applied. *Gronczewski*, 444 B.R. at 530. In another Court, no willful stay violation was found where an Amended Foreclosure Complaint was served on the Debtor after the Debtor's petition date but before the creditors had knowledge of the pending bankruptcy case. Once knowledge was received, the creditors did nothing more to continue the foreclosure action until the stay was subsequently lifted by Court Order. *In re Kline*, 472 B.R. 98 (10th Cir. B.A.P. 2012).

Bankruptcy Code §362 prohibits acts, not inaction. Therefore, a law firm was found not to have violated the automatic stay when the firm ceased all collection activities upon learning of the bankruptcy filing by a debtor, but did not seek to vacate a Default Final Judgment entered by the Court post-petition. The Bankruptcy Court found no violation of the automatic stay as the firm took no action, but simply discontinued any action to collect. *In re Siharath*, 285 B.R. 299 (Bankr. D.Minn. 2002).

Cases where an affirmative duty have been found on the part of a creditor to take affirmative acts to undo acts that occurred post-petition are in matters where the creditor is exercising control over the debtor's property. In those circumstances, a creditor would have a duty to stop violating

the automatic stay by returning the property. *See, e.g.*, *In re Knaus*, 889 F.2d 773 (8th Cir. 1989). Where a creditor causes the issuance of a garnishment pre-petition, the creditor has the duty to dismiss the garnishment upon learning of a bankruptcy. *In re Manuel*, 212 B.R. 517 (Bankr. E.D.Va. 1997). A creditor who repossessed a debtor's car pre-petition, must return the car upon learning of a bankruptcy. *In re Brown*, 237 B.R. 316 (Bankr. E.D.Va. 1999). Similarly, where an arrest warrant was issued to assist in collecting a debt, the court found that so long as the arrest warrant was pending, the action was continuing, which imposed a duty on the creditors to discharge the warrant. *In re Atkins*, 176 B.R. 998 (Bankr. D.Minn. 1994). *In accord, Kline*, 472 B.R. at 104. Where the creditor has taken an affirmative act post-petition, which resulted in the entry of a post petition default judgment, then the creditor has a duty to seek to have the judgment vacated. *In re Keen*, 301 B.R. at 753. Courts have recognized, however, that where a creditor has a acquired a pre-petition lien by virtue of the service of the writ of garnishment, then refusing to release the garnishment post-petition is not a stay violation. *In re Lastra*, 2005 WL 2445468 (Bankr. S.D.Fla. 2005); *In re Giles*, 271 B.R. 903 (Bankr. M.D. Fla. 2002).

      In the instant case, there was no property of the Debtor taken by Weiser through the State Action. No judgment has been entered against the Debtor. Because Weiser did not even seek to serve the Debtor with process in the State Action, the Court believes there is no action taken that Weiser's needs to undo. As a result, this Court concludes that no willful violation of the automatic stay has occurred by Weiser not dismissing the Debtor from the State Action. Accordingly, it is

      **ORDERED AND ADJUDGED** that Michael Hartigan's *Motion for Sanctions Against Creditor Michael L. Weiser for Violation of the Automatic Stay* (DE 57) is **DENIED**.

###

Submitted by:

Brian S. Behar, Esquire

Copies furnished to:

Attorney Brian S. Behar is directed to mail
a conformed copy of this Order to all interested
parties, immediately upon receipt of this Order