

**ORDERED in the Southern District of Florida on February 21, 2014.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                       Case No. 13-14612-BKC-AJC
                                                                                     Chapter 7
**MICHAEL HARTIGAN**
SSN: XXX-XX-1064

            Debtor.            /

**ORDER GRANTING JOINT MOTION FOR DETERMINATION THAT THE BEHAR CLIENTS' RIGHTS TO OBJECT TO THE MOTION TO APPROVE STIPULATION AGREEMENT ARE WAIVED**

**THIS CAUSE** came before the Court on February 4, 2014 at 2:30 p.m. ("Hearing") upon *Trustee and Debtor's Joint Motion for Determination that the Behar Clients' Rights to Object to the Motion to Approve Stipulation Agreement are Waived and Abandoned* [ECF 275] ("Joint Motion"). The Court, having reviewed the Joint Motion and the Court file and having heard and considered argument at the Hearing from counsel for the Trustee, counsel for the Behar Clients[1] and counsel for the Debtor, the Court grants the Joint Motion based upon the following.

This case commenced with the filing of a voluntary Chapter 7 Petition by the Debtor on

___

[1] All capitalized terms used herein not otherwise defined shall have the same meanings as ascribed to them in the Joint Motion.

February 28, 2013.

On September 28, 2013, the Trustee and the Debtor voluntarily engaged in a mediation conference ("First Mediation Conference") in an attempt to reach a compromise relating to certain matters in dispute, including the Trustee's claim to certain assets held by third parties. After a full day session of mediation, the Trustee and Debtor reached a settlement agreement and entered into a Stipulation to Compromise Controversy ("Stipulation Agreement").

On October 7, 2013, the Trustee filed his Motion to Approve Stipulation to Compromise Controversy with the Hartigan Parties including the Stipulation Agreement [ECF 161] ("Motion to Approve Stipulation"), which was scheduled for a non-evidentiary hearing on November 13, 2013 at 10:30 a.m. ("Settlement Hearing"). Prior to the Settlement Hearing, on November 5, 2013, creditors, Brian and Donna Mills ("Mills") filed a limited Objection to Proposed Settlement Between Trustee and Debtor [ECF 191] ("Mills Objection"), which did not object to the overall settlement between the Trustee and the Hartigan Parties, but only opposed the provisions in the Stipulation Agreement providing the Trustee with security interests in certain real property. No other written objections were filed with the Court prior to the Settlement Hearing nor did any other parties inform the Trustee of their opposition to the Motion to Approve Stipulation during the one month period between the filing of the Motion to Approve Stipulation and the Settlement Hearing.

At the Settlement Hearing, attorney Brian Behar ("Behar"), on behalf of his fifteen clients ("Behar Clients"), requested that the Motion to Approve Stipulation be "denied and deferred,"[2] until the Trustee presented evidence to satisfy the Behar Clients as to the invocation of his business judgment. Behar suggested that the Behar Clients did not possess sufficient information to determine whether the Stipulation Agreement was reasonable and complained

---

[2] [ECF 205, at 29:6].

that the Behar Clients were excluded from the First Mediation Conference and that the majority of the settlement amount would be distributed to the Internal Revenue Service due to its status as an unsecured priority creditor.[3]

The Court, after hearing argument of counsel at the Settlement Hearing, concluded that if the parties could not resolve their dispute with respect to the Motion to Approve Stipulation then an evidentiary hearing would be necessary. On November 24, 2013, the Court entered its Order Setting Evidentiary Hearing on Trustee's Motion to Approve Stipulation to Compromise Controversy with the Hartigan Parties [ECF 204] ("Order Setting Evidentiary Hearing"), initially scheduling the evidentiary hearing for January 24, 2014 at 10:00 a.m. The Order Setting Evidentiary Hearing provided, among other things, that: (i) the Trustee, the Debtor, and any all parties objecting to the Motion to Approve Stipulation ("Objectors") shall collectively participate in settlement negotiations within 28 days from the entry of the Order Setting Evidentiary Hearing; and (ii) the Objectors who have not filed a written objection to the Motion to Approve Stipulation shall do so by December 6, 2013.

On November 20, 2013, the Trustee filed his *Ex Parte* Motion for Order of Referral to Mediation [ECF 200]; and on November 21, 2013, the Court entered its Order of Referral to Mediation [ECF 202], directing the Trustee, the Debtor and the Objectors to participate in an in-person mediation on December 9, 2013 ("Second Mediation Conference").

On November 22, 2013, the Behar Clients filed their: (1) Motion for Reconsideration and/or Rehearing of Order of Referral to Mediation [ECF 209]; and (2) Motion for Reconsideration and/or Rehearing of Order Setting Evidentiary Hearing on Trustee's Motion to Approve Stipulation Compromise Controversy With the Hartigan Parties [ECF 210] (collectively,

---

[3] Prior to the Settlement Hearing, the IRS filed a $3,247,630.09 proof of claim, of which $1,834,033.22 was claimed as a priority claim. Shortly after the Settlement Hearing, the IRS amended its claim and now asserts that it is owed $7,145,806.06, of which $4,929,864.79 is claimed as a priority claim.

the "Reconsideration Motions") under the pretext that they needed additional time to conduct discovery relating to the reasonableness of the Stipulation Agreement. The Reconsideration Motions were heard on December 3, 2013 at 2:30 p.m., at which time the Court directed all parties to attend the Second Mediation Conference, either in person or via telephone, and deferred ruling on the Reconsideration Motions pending the results of the Second Mediation Conference [*see* ECF 242 and 243].

On December 6, 2013 (the deadline to file a written objection), the Behar Clients filed a Motion for Extension of Time to File Written Objections to the Trustee's Motion to Approve Stipulation to Compromise Controversy with the Hartigan Parties [ECF 223] ("Behar Extension Motion"), which "requested an extension of time to file written objections to the Trustee's Settlement Motion to a time after the results of the mediation that is currently scheduled for December 9, 2013."

On December 9, 2013, the Second Mediation Conference was held but none of the Behar Clients appeared, even though the Court had allowed them to attend by telephone given their geographical location. Instead, they had their Pittsburgh attorney Jeffrey Brooks attend via telephone as their representative. No resolution was achieved.

At the hearing on the Behar Extension Motion on December 10, 2013, the Court ruled that the Behar Extension Motion be reset until after the report of the mediator was filed to determine whether the Behar Clients had acted in bad faith by failing to attend the Court-ordered Second Mediation Conference; the hearing was reset to December 30, 2013 at 2:30 p.m. [*see* ECF 237]. [4]

On December 30, 2013, in an attempt to provide the Behar Clients another opportunity to

---

[4] After the hearing, on December 10, 2013, the Report of Mediator [ECF 231] was filed with this Court reporting that the Behar Clients willfully failed to participate in the Second Mediation Conference due to their lack of appearance.

either resolve their dispute or file a written objection and litigate the Motion to Approve Stipulation, the Court ordered the Behar Clients, Trustee and Debtor to confer with one another outside the courtroom to see if an agreement on the matter could be reached. The parties reached an agreement and presented to the Court that (i) they would have a meeting on January 10, 2014 to educate the Behar Clients as to all aspects of the Stipulation Agreement in an attempt to resolve the Behar Clients' objection ("Meeting"); and (ii) in the event that objection was not resolved during the Meeting, the parties would submit a proposed Order resetting the Evidentiary Hearing to March 6, 2014.

The Behar Clients' counsel, Trustee's counsel and Debtor's counsel met on the morning of January 10, 2014; however, the parties do not appear to have reached an agreement because, just two business days later, the Behar Clients orally joined the Motion of Brian and Dona Mills to Dismiss Bankruptcy Petition [ECF 225], which the Court denied [*see* ECF 262].

After the Behar Clients' joined in the motion to dismiss, the Trustee rightfully assumed the objection was not resolved and submitted the proposed Order resetting the Evidentiary Hearing. On January 15, 2014, the Court entered its Order Resetting Evidentiary Hearing on Trustee's Motion to Approve Stipulation to Compromise Controversy with the Hartigan Parties [ECF 263] ("Order Resetting Evidentiary Hearing"), rescheduling the evidentiary hearing to March 6, 2014 at 10:00 a.m. The Order provided, among other things, that: (i) "[t]he Behar Clients <u>shall</u> file a written objection to the Motion to Approve Stipulation by January 27, 2014" ("Required Written Objection"); and (ii) "<u>[f]ailure to timely file the [Required Written Objection] may result in the Behar Clients' right to object to the [Motion to Approve Stipulation] being waived and an order being entered denying any untimely objection.</u>"

On January 31, 2014, after the Behar Clients failed to file the Required Written Objection by the Court ordered deadline, the Trustee and the Debtor filed the Joint Motion seeking a

determination that the Behar Clients' rights to object to the Motion to Approve Stipulation were waived and abandoned due to their willful failure to comply with the Order Resetting Evidentiary Hearing. The Behar Clients did not file anything in opposition.

At the Hearing, the Behar Clients conceded they did not file the Required Written Objection, but offered no explanation or excuse as to why they failed to do so [*see* ECF 279, at 21:21-23]. Instead, the Behar Clients argued that they did not actually raise an objection at the original Settlement Hearing.[5] The Behar Clients further stated that "[w]e don't believe we have objections right now." [ECF 279, at 26:25-27:1]. However, this position seems to contradict the Behar Clients' previous representations to the Court. For example, the Reconsideration Motions state, "[a]t the [Settlement Hearing], the Behar Clients objected to the settlement mainly on the basis that there is insufficient information for this Court, as well as creditors of this Debtor's estate, to make any informed decision as the reasonableness of the Settlement Agreement."

To avoid any contradiction and to place all interested parties on notice of exactly what objection is being raised, the Court had directed the Behar Clients to file a written objection to the Motion to Approve Stipulation. The Behar Clients were given several opportunities to file a written objection. However, even after extensions of time were provided, the Behar Clients filed no objection.

The Behar Clients failed to file a single paper setting forth the basis for their objection. After having made an issue of being excluded from the First Mediation Conference, the Court ordered a Second Mediation Conference, in response to which they filed a Motion for Reconsideration, which was ultimately denied [*see* ECF 267]. The Behar Clients sought the ability to attend the Second Mediation Conference by telephone, which the Court granted, and then they failed to attend. They requested a private meeting with the Trustee and Debtor so that

---

[5] Behar stated that "[w]e weren't coming to Your Honor objecting to the settlement." [ECF 279, at 23:6-8].

they could better understand the claims and defenses that resulted in the proposed Stipulation Agreement—the information they complained they needed to better understand the proposed Stipulation Agreement. After a three hour meeting was held, the parties still did not resolve their objection.

Based upon the record before the Court, the Behar Clients ability to object to the Motion to Approve Stipulation has been waived. Arguments that a party fails to timely raise, or raises but then fails to press responsibly throughout litigation, are waived. *In re Commercial Loan Corp.*, 316 B.R. 690, 699 (Bankr. N.D.Ill. 2004) (internal citations omitted) (objections to settlement that were not raised in required post-hearing memorandum were waived). It appears the Behar Clients do not currently possess an objection four months after the Motion to Approve Stipulation was filed, as is evident by their failure to have filed any written objection that would put any interested parties, including this Court, on notice of such objection. Even if the Behar Clients' argument at the first Settlement Hearing was deemed an objection, they have failed to responsibly push that objection forward throughout this litigation due to their continuous unexcused delays and failure to comply with Court orders to file a written objection.

The Court is within its sound judicial discretion to enforce its Order Resetting Evidentiary Hearing as prescribed in Paragraph 4 of the Order, and make a determination that the Behar Clients' rights to object to the Motion to Approve Stipulation are waived due to their failure to file any written objection(s) to the settlement. Accordingly, it is

**ORDERED AND ADJUDGED** that the Trustee and Debtor's Joint Motion for Determination that the Behar Clients' Rights to Object to the Motion to Approve Stipulation are Waived and Abandoned is **GRANTED**, and the Behar Clients' rights to object to the Motion to Approve Stipulation are waived and abandoned.

###

*Case No. 13-14612-BKC-AJC*

Submitted by:

Gary M. Freedman, Esquire
Tabas, Freedman & Soloff, P.A.
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, FL 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
gfreedman@tabasfreedman.com

Copy furnished to:

Gary M. Freedman
Gary M. Freedman shall serve copies of this Order on all interested parties and file a certificate of service.